IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Shane Phillips, ) | |
| ) | Civil Action No. 8:08-353-HFF-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Warden, McCormick Correctional ) | |
| Institution, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the plaintiff's motion for a temporary restraining order. The plaintiff submitted a letter to the federal court alleging that he is iminent danger. Although not styled as such, the Court has treated the letter as a complaint and a request for a temporary restraining order. The Court has taken the allegation extremely seriously. The plaintiff is a convicted sex offender and is concerned for his life while in the general population at the McCormick Correctional Institution ("MCI"). He has requested that the department of corrections put him in protective custody.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The Court conducted a hearing on February 4, 2008. It was the undisputed representation of the parties that when the plaintiff arrived at MCI he expressed fear for

his life.  As a result, he was moved into "protective custody," insofar as he was placed in lock-up, separate from the general population, and in a cell by himself.  Notwithstanding, the plaintiff expresses concern for his safety whenever he goes into the yard but admitted that he can decline to do so.  The defendant represented that he has no intention of moving him out of his present custody situation, for his own safety.

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of TROs. Pursuant to Rule 65, "a temporary restraining order may be granted . . . only if it clearly appears from specific facts shown . . . that immediate and irreparable injury, loss, or damage will result to the applicant."   Fed. R. Civ. P. 65(b).  Further, in considering whether to issue an injunction under Rule 65(b), the Court must consider four factors: (1) the likelihood of irreparable harm to the plaintiff if the Court denies the preliminary injunction; (2) the likelihood of harm to the defendants if the injunction is granted; (3) the likelihood that the plaintiff will succeed on the merits of this underlying claim; and (4) the public interest.  *See Blackwelder Furniture Co. v. Seilig Manuf. Co.,* 550 F.2d 189, 196 (4th Cir.1977); *Smith v. Ozmint*, 444 F. Supp.2d 502, 504 (D.S.C. 2006).  A plaintiff does not have an automatic right to a TRO, and such relief should be used sparingly.  The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief."  *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir.1980).

The likelihood of harm to the plaintiff, which is the overarching concern here, appears to be substantially diminished by the fact that the plaintiff has already been removed from the general population. The defendant has also requested from the plaintiff the specific names of threatening inmates but the plaintiff has declined to reveal any. Accordingly, it appears that the defendants are affording the plaintiff all the protection presently available. It does not seem that the defendant is being deliberately indifferent to the plaintiff's concerns in a way that would allow him to prevail on the merits. Thus, a TRO should not issue at this time.

Notwithstanding, the defendants did acknowledge that the plaintiff may qualify for state-wide protective custody at the Kirkland Correctional Institution. As a part of this report and recommendation, the Court strongly encourages the defendant to recommend the plaintiff for such custody, as counsel for the defendant represented at the hearing he would. The Court would further emphasize to the defendant that he is on specific notice of the allegations of the plaintiff that he is in serious physical danger. It would be prudent to extend to him all reasonable protection and consideration in response to those claims.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the plaintiff's request for a temporary restraining order and to be placed in protective custody be DENIED.

IT IS SO RECOMMENDED.

                                                s/Bruce Howe Hendricks
                                                United States Magistrate Judge

February 4, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).