

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| CHRISTOPHER SHANE PHILLIPS, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 8:08-353-HFF-BHH |
| | § | |
| WARDEN, MCCORMICK CORRECTIONAL | § | |
| INSTITUTION; NFN BROWN; NFN REED; | § | |
| NFN MOSS, | § | |
| Defendants. | § | |

## ORDER

This case was filed pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's request for a temporary restraining order and to be placed in protective custody be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 4, 2008, but Plaintiff failed to file any objections to the Report.[*] In the absence of such objections, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

In the alternative, even if the Court were to consider Plaintiff's letters as objections, the Court finds them to be without merit. Plaintiff fails to specifically identify the portions of the Report to which he objects and the basis for the objections, as required by Rule 72(b) of the Federal Rules of Civil Procedure. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). As stated by the Magistrate Judge,

> [t]he likelihood of harm to the plaintiff, which is the overarching concern here, appears to be substantially diminished by the fact that the plaintiff has already been removed from the general population. . . . [I]t appears that the defendants are affording the plaintiff all the protection presently available. It does not seem that the defendant is being deliberately indifferent to the plaintiff's concerns in a way that would allow him to prevail on the merits. Thus, a TRO should not issue at this time.

(Report 3.)

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court that Plaintiff's request for a temporary restraining order and to be placed in protective custody be **DENIED**.

---

[*] The Clerk of Court has, however, filed five letters from Plaintiff.

**IT IS SO ORDERED**.

Signed this 18th day of June, 2008, in Spartanburg, South Carolina.

s/ Henry F. Floyd<br>HENRY F. FLOYD<br>UNITED STATES DISTRICT JUDGE

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.